UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TILLMAN,<br><br>        Plaintiff,<br><br>v.<br><br>W. M. KOKOR, *et al.*,<br><br>        Defendants. | Case No. 1:18-cv-01171-DAD-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF PROCEED ON COGNIZABLE CLAIMS AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITHOUT PREJUDICE<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 12 |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's first amended complaint,[1] filed March 4, 2019, is before the court for screening under 28 U.S.C. § 1915A. We find that plaintiff has stated a claim against defendant Kokor for medical deliberate indifference, but that plaintiff has failed to state a claim against defendants Powell, Cryer, or Ramberg. We recommend that the cognizable claim against defendant Kokor be allowed to proceed and that all other claims be dismissed without prejudice. The court will authorize service of the complaint on defendant Kokor by separate order.

---

[1] Plaintiff's original complaint, filed on August 30, 2018, was not screened before plaintiff filed his first amended complaint.

1

I.      **STATEMENT OF FACTS**[2]

During the relevant timeframe, plaintiff was incarcerated at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California. ECF No. 12 at 6. Defendant Kokor was plaintiff's primary care physician at SATF. *Id.* at 7. Plaintiff has "multiple chronic medical conditions, such as mild degenerative [*sic*] of the lumbar spine" and "suffers severe back pain." *Id.* Plaintiff sought relief from defendant Kokor "during appointments and . . . chronic care visits" over the course of fourteen months. *Id.* at 8. Despite plaintiff's condition and need for treatment, defendant "took no action to ensure that plaintiff received the necessary medical care." *Id.*

On February 22, 2017, plaintiff saw a specialist, Dr. Kamran Parsa, who recommended that plaintiff receive a CT scan of the lumbar spine and a vascular surgery evaluation. *See id.* at 31. Defendant Kokor denied plaintiff the recommended treatments. *See id.* at 9. Defendant Kokor also denied plaintiff "adequate" pain medicine. *Id.* Plaintiff's condition and pain worsened because of defendant Kokor's failure to provide medical care. *Id.*

II.     **SCREENING AND PLEADING REQUIREMENTS**

A district court is required to screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2). The court must construe an unrepresented litigant's complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The short and plain statement "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

---

[2] We draw the following facts from plaintiff's first amended complaint, ECF No. 12, and accept them as true for screening purposes.

2

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)). The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.

## III. DISCUSSION

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

At the outset, we recognize that allegations of medical negligence are insufficient to state a claim for deliberate indifference to serious medical needs. *See Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). Additionally, a difference of opinion concerning the judgment of treating medical professionals falls outside the scope of § 1983. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). However, plaintiff's allegations, liberally construed, go beyond mere negligence regarding defendant Kokor. Plaintiff alleges that defendant Kokor was responsible for his treatment and knew of his back ailments, but refused to treat his condition with either adequate pain medicine or the surgery recommended by a specialist, and that refusal caused harm in the form of increasing dysfunction and pain. Plaintiff's allegations, thus, state a cognizable claim for violation of plaintiff's Eighth Amendment rights against defendant Kokor. *See Jett v.*

*Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (a deliberate indifference to serious medical needs claim consists of two parts: (1) a "serious medical need" demonstrated by a failure to treat a prisoner's medical condition that could result in further significant injury or the unnecessary and wanton infliction of pain; and (2) "deliberate indifference"—demonstrated by (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference). Accordingly, the court will allow plaintiff's medical deliberate indifference claim to proceed against defendant Kokor.

In plaintiff's first amended complaint, he abandoned his claims against defendants Powell, Cryer, and Ramberg. *See* ECF No. 12 at 1. Therefore, plaintiff's claims against these defendants should be dismissed without prejudice.

**IV.     FINDINGS AND RECOMMENDATIONS**

The undersigned has screened plaintiff's complaint and finds that plaintiff states a claim against defendant Kokor for medical deliberate indifference in violation of the Eighth Amendment. We recommend that the court allow plaintiff to proceed on this claim and dismiss without prejudice all other claims, namely plaintiff's claims against defendants Powell, Cryer, and Ramberg.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    May 14, 2019                                  _____
                                                         UNITED STATES MAGISTRATE JUDGE

4

No. 204