UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TILLMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KOKOR, *M.D.*,<br><br>　　　　　Defendant. | Case No. 1:18-cv-01171-DAD-HBK<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT[1]<br><br>(Doc. No. 28)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

　　　　This matter was reassigned to the undersigned on November 17, 2020. (Doc. No. 33). Pending before the Court is Defendant Kokor, M.D.'s Motion for Summary Judgment filed on March 3, 2020. (Doc. No. 28, "MSJ"). Plaintiff filed a belated opposition to the MSJ on October 13, 2020. (Doc. No. 30). Defendant replied to Plaintiff's opposition and simultaneously argued it should not be considered due to its untimeliness and procedural deficiencies. (Doc. Nos. 31-32). The Court, finding good cause and excusable neglect, accepted Plaintiff's opposition. (Doc. No. 36). The undersigned finds no genuine dispute as to any material facts and recommends Defendant's MSJ be granted.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

# I. BACKGROUND

Plaintiff David Tillman ("Plaintiff" or "Tillman"), a state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on August 30, 2018. (Doc. No. 1). Plaintiff amended his complaint on March 4, 2019. (Doc. No. 12). On May 14, 2019, the then-assigned magistrate judge screened the amended complaint pursuant to 28 U.S. Code § 1915A, finding that Tillman had stated a cognizable claim of medical deliberate indifference against Defendant Dr. Kokor. (Doc. No. 13). Defendant answered the amended complaint on July 17, 2019. (Doc. No. 21).

After discovery and in compliance with the modified scheduling order (Doc. No. 22), Defendant timely filed the MSJ *sub judice*. (Doc. No. 28). In support, Defendant submitted a statement of undisputed facts (*Id.* at 16-26); Defendant's declaration (*Id.* at 28-31); an excerpt of Plaintiff's deposition (*Id.* at 33-36); the declaration of Bennett Feinberg, M.D. (*Id.* at 37-49); and Plaintiff's medical records (*Id.* at 51-137). Plaintiff's opposition directs the Court to alleged discrepancies in Feinberg's declarations and his medical records and includes a copy of the MSJ and its attachments where Plaintiff indicated by writing in the margins his disagreements with Defendant's statements in the brief and supporting declarations. (*See e.g.* Doc. No. 30 at 14, 17, 23-24, 30-36). Defendant replied to Plaintiff's opposition. (Doc. Nos. 31-32).

# II. APPLICABLE LAW

## A. Summary Judgment Standard

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the "initial responsibility" of demonstrating the absence of

a genuine issue of material fact. *Id.* at 323. An issue of material fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the moving party meets its initial burden, the burden then shifts to the opposing party to present specific facts that show there to be a genuine issue of a material fact. *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 587. The party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The court must apply standards consistent with Rule 56 to determine whether the moving party demonstrated there is no genuine issue of material fact and showed judgment to be appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America*, NT & SA, 285 F.3d 764, 772 (9th Cir. 2002). The mere scintilla of evidence is not sufficient to establish a genuine dispute to defeat an otherwise properly supported summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.

///
///

3

**B. Eighth Amendment Medical Deliberate Indifference**

The Constitution indisputably requires prison officials to provide inmates with reasonably adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To hold an official liable for violating this duty under the Eighth Amendment, the inmate must satisfy two prongs, an objective prong and subjective prong. First, the inmate must suffer from a serious medical need (the objective prong); and, second the official must be deliberately indifferent to the inmate's serious medical need (the subjective prong). *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). A medical need is "serious" if the failure to treat "could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted). The "second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. (internal citations omitted). This standard requires that the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839.

Deliberate indifference is a higher standard than medical negligence or malpractice, and a difference of opinion between medical professionals—or between a physician and the prisoner—generally does not amount to deliberate indifference. *See generally Toguchi v. Chung*, 391 F.3d 1051 (9th Cir. 2004); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (A mere "difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference."). To prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment "was medically unacceptable under the circumstances,"

and was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson*, 90 F.3d at 332.

Neither will an "inadvertent failure to provide medical care" sustain a claim. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Misdiagnosis alone is not a basis for a claim, *see Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), and a "mere delay" in treatment, "without more, is insufficient to state a claim of deliberate medical indifference," *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Instead a prisoner must show that a delay "would cause significant harm and that defendants should have known this to be the case." *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002).

### III. ANALYSIS

#### A. Allegations of Deliberate Indifference in FAC

According to the FAC, Defendant was deliberately indifferent to Tillman's serious medical need, in violation of his Eighth Amendment rights, when Defendant failed to provide pain medication and perform surgery to address Tillman's back pain. (Doc. No. 12 at 11). Defendant served as Tillman's primary care provider and was thus familiar with his various medical issues, including his back pain. (*Id.* at 7-8 ¶¶ 6-7, 9-13).

Prior to his incarceration, Tillman was treating with an outside specialist who recommended he undergo surgery and receive certain pain medications for his back pain and back leg pain and cramping. (*Id.* at 9 ¶¶ 26, 29). Defendant disagreed that surgery was necessary. (*Id.* at 9 ¶ 26). Tillman alleges he suffered severe pain because of Defendant's refusal to provide the recommended pain medications and/or surgery. (*Id.* at 8-9 ¶¶ 14-19). Tillman submits that the delay in receiving him proper treatment has rendered him disabled and caused him ongoing severe pain. (*Id.* at 9 ¶¶ 20-27). As relief, Tillman seeks to have the Court order surgery be performed and Defendant pay monetary damages. (*Id.* at 12 ¶¶ 1-5).

#### B. Undisputed Facts

##### 1. Plaintiff's Failure to Properly Oppose the Motion

The Court accepted Tillman's belated opposition to Defendant's MSJ. (Doc. No. 30). That opposition, however, failed to include a separate statement of undisputed facts as required

5

by Local Rule 260(a). (*Id.*). Instead, Tillman wrote notations, such as "Lie!" and "not true" in the margins of Defendant's MSJ. (*Id.* at 10-19). Tillman's opposition also included averments essentially reiterating the allegation in his FAC. (*Id.* at 1-8). Tillman insists that he requires surgery and disputes that Defendant was not aware that one of his prescribed medications was causing "psychosis." (*Id.* at 4).

As the non-moving party, Tillman is required to provide affidavits, and/or admissible discovery material demonstrating a factual dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. Where a party fails to do so, "Rule 56 is clear that although a court *may* deem facts admitted in the exercise of its discretion, it need not do so." *Warkentin v. Federated Life Ins. Co.*, 594 F. App'x 900, 902-903 (2014); *see* Fed. R. Civ. P. 56 Advisory Committee Notes (2010) (noting that "the court may choose not to consider [a] fact as undisputed, particularly if the court knows of record materials that show grounds for genuine dispute"). Nor may the Court automatically grant summary judgment to a defendant solely because a plaintiff fails to properly oppose the motion. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994); *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003).

However, summary judgment cannot be avoided by making conclusory allegations unsupported by factual data. *Arpin v. Santa Clara Valley Transportation Agency,* 261 F.3d 912, 922 (9th Cir. 2001) *(citing Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989)). Where, as here, a party fails to properly support an assertion of fact or fails to challenge the facts asserted by the moving party, the non-moving party may be deemed to have admitted the validity of those facts. *See* Fed. R. Civ. P. 56(e)(2). The Court will nonetheless consider the entire record and deem only those facts true which are properly supported by evidence.

**2. Defendant's Evidence**

Defendant's MSJ attaches a list of undisputed facts. (Doc. No. 28 at 18-26). Each listed fact cites to either Defendant's declaration (*Id.* at 28-31), an excerpt of Plaintiff's deposition (*Id.* at 33-36); the declaration of Bennett Feinberg, M.D. (*Id.* at 37-49); or Plaintiff's medical records (*Id.* at 51-137). As discussed earlier, Plaintiff failed to provide his own undisputed facts and

failed to present evidence refuting Defendant's facts.  Having reviewed the record, the undersigned finds the following facts to be undisputed.

Tillman was treated by Dr. Kamran Parsa, D.O. on February 22, 2017, prior to his incarceration.  (Plaintiff's Deposition Doc. No. 28 at 35 ¶¶ 12-16; Declaration of Bennett Feinberg, M.D., Doc. No. 28 at 39 ¶ 10; Plaintiff's Medical Records, Doc. No. 28 at 135-137).  Dr. Parsa concluded Tillman had "signs and symptoms of mechanical back pain" and recommended surgery following evaluation by a "surgeon first." (Plaintiff's Medical Records, Doc. No. 28 at 135).

Over six months later, on either September 13 or September 14, 2017, Tillman arrived at the California Department of Correction and Rehabilitation's Substance Abuse Treatment Facility ("SATF") in Corcoran, California.  (Plaintiff's Deposition, Doc. No. 28 at 35 ¶¶ 4-5; Declaration of Bennett Feinberg, M.D., Doc. No. 28 at 40 ¶ 14 ).  On September 15, 2017, Tillman submitted a medical request to have a doctor treat his "overwhelming" chronic pain.  (Declaration of Bennett Feinberg, M.D., Doc. No. 28 at 40 ¶ 15).  No appointment was set following the request. (*Id.*).  Bennett Feinberg, M.D, the Chief Medical Consultant for the California Correctional Health Care Services, who examined this matter's records to determine if deliberate indifference occurred, could not ascertain why an appointment was never scheduled.  (*Id.*).

On October 10, 2017, Tillman submitted a second request to see a doctor for his "chronic back pain."  (*Id.* ¶ 16).  A registered nurse saw Tillman on October 12, 2017. (*Id.* ¶¶ 16).   On October 23, 2017, Defendant saw Tillman.  (*Id.* ¶ 17).  Defendant serves as a doctor at SATF.  (Defendant's Declaration, Doc. No. 28 at 28-29  ¶¶ 2-3).  Defendant did not recall seeing Dr. Parsa's surgery recommendation prior to or during his treatment of Tillman.  (Defendant's Declaration, Doc. No. 28 at 31 ¶ 14).  Per Defendant's notes, Tillman denied any "worrisome signs" regarding his health.  (*Id.* at 29 ¶ 4).  Defendant nonetheless referred Tillman to the Triage and Treatment Area for x-rays and additional evaluation.  (*Id.*).  The x-rays of Tillman's right hip and pelvis were "unremarkable", and his lumbar spine showed "moderate L5-S1 arthrosis." (*Id.* ¶ 5).

7

On October 25, 2017, Defendant conducted another physical exam of Tillman. (*Id.* ¶ 6). Tillman reported ongoing, decade-old back pain but "denied any limitations" from it. (*Id.*). Because Tillman reported his previous pain medication, Elavil, was no longer effective, Defendant prescribed him the painkillers nortriptyline and naproxen. (*Id.*).

On November 15, 2017, at a follow-up appointment, Tillman reported that the prescribed pain medication was insufficient and that he needed a back brace. (*Id.* at 30 ¶ 8). Defendant accordingly doubled Tillman's nortriptyline dosage and added an additional painkiller, capsaicin. (*Id.*). A back brace was also ordered, and Tillman was referred to physical therapy. (*Id.*).

The next follow-up appointment was held on January 30, 2018. (*Id.* ¶ 9). Tillman initially had responded well to physical therapy but was now moving with a "staggering gait." (*Id.*). Defendant thus referred Tillman for a neurosurgery consultation with Dr. Ramberg, who examined Tillman on March 30, 2018. (*Id.* ¶¶ 9-10). Dr. Ramberg noted that Tillman's MRI did "not indicate any clear surgery indications." (*Id.* ¶ 10). At a May 18, 2018 follow-up, Dr. Ramberg diagnosed Tillman with the spine condition "ankylosing spondylitis" – a chronic condition treated with medication and physical therapy. (*Id.* ¶ 10; Declaration of Bennett Feinberg, M.D., Doc. No. 28 at 43 ¶ 27). Dr. Ramberg recommended other medications but concluded Tillman "is not in need of surgical treatment." (*Id.*).

Tillman's final appointment with Defendant occurred on May 23, 2018. (Defendant's Declaration, Doc. No. 28 at 31 ¶ 12). Defendant observed Tillman was ambulatory, and Defendant's suggestion that Tillman alter his medication treatment regimen as suggested by the outside neurosurgeon was rebuffed. (*Id.*). Defendant was not aware that nortriptyline caused Tillman psychosis. (*Id.*, ¶ 7).

Tillman was examined from mid-2018 through late 2019 by Dr. Ramberg and two other medical doctors, Dr. Kotha and Dr. Kahng. (Declaration of Bennett Feinberg, M.D., Doc. No. 28 at 43-44 ¶¶ 28-34). All three doctors concluded surgery was unnecessary. (*Id.*).

Dr. Feinberg, the medical consultant who examined the records in this case, opined that Defendant did not act with deliberate indifference. (*Id.* at 44-45 ¶¶ 35-36). The available medical evidence instead suggested to Dr. Feinberg that Defendant "prescribed medications for Plaintiff's

chronic back pain that were appropriate and consistent with community standards and medical best practices." (*Id.* at 44 ¶ 35).

### III. ANALYSIS

Defendant argues he is entitled to summary judgment because he "provided adequate medical care" and there is no evidence his treatment was "medically inappropriate" or that Plaintiff "suffered harm as a result." (Doc. No. 28 at 5-6). Mere disagreement with the treatment regimen, Defendant contends, is insufficient to establish deliberate indifference. (*Id.* at 5).

The undersigned first must consider whether Defendant, the moving party, has met his initial burden of "proving the absence of a genuine issue of material fact" and showing *prima facie* entitlement to summary judgment on the issue of Plaintiff's medical deliberate indifference claim. *Celotex Corp.*, 477 U.S at 323. The *prima facie* elements of medical deliberate indifference are: a "serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain" and that the defendant's "response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (internal quotation marks and citation omitted). The second prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (internal citations omitted).

Defendant does not appear to dispute, and the undisputed facts when viewed in the light most favorable to Tillman indicate, that Tillman had a serious medical need — pervasive back pain later diagnosed as ankylosing spondylitis. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir.1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc). A reasonable jury therefore could find a serious medical need.

Defendant, however, has negated the second prong of medical deliberate indifference – failure to respond to a prisoner's pain, resulting in harm. *Jett*, 439 F.3d at 1096. The

1   uncontroverted evidence presented by Defendant demonstrates he examined Tillman five times.
2   Over the course of those examinations, Defendant prescribed painkillers to Tillman to alleviate
3   his pain, referred Tillman to physical therapy, and referred Tillman to an outside neurosurgeon
4   for further testing and evaluation.  When Tillman voiced concerns that his pain medications were
5   inadequate to treat the pain, Defendant adjusted those prescriptions and ordered a back brace for
6   Tillman.  Defendant's judgment that surgery was unnecessary was later echoed by at least three
7   other doctors, including a neurosurgeon and rheumatologist.  Dr. Feinberg likewise concluded no
8   deliberate indifference occurred and that Defendant's treatment of Tillman was appropriate.
9   There is no evidence Defendant failed to respond to Tillman's pain or treat his serious medical
10  condition.

11      The burden now shifts to Tillman to present specific facts that show a genuine issue of a
12  material fact.  *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586.  As an initial matter, Tillman
13  does not identify any medical records which support his claim and he has not provided any
14  opinion from a medical expert or any admissible testimony from a medical provider.  Tillman is
15  not a medical professional.  (Plaintiff's Deposition, Doc. No. 28 at ¶¶ 24-25.)  Tillman self-
16  assessment that he required surgery would thus be inadmissible at trial and a reasonable trier of
17  fact would have no evidence upon which to find those alleged facts.  Fed. R. Civ. P. 56(c)(4).

18      Tillman presents no evidence that Defendant's choice of painkillers and decision to forego
19  surgery was medically unsound.  The record reveals that when Plaintiff complained that the
20  Nortriptyline was "making him depressed" he was offered alternative pain medications.  (Doc.
21  No. 28 at 4-43, ¶¶ 26-28).  Plaintiff points to one doctor who saw him prior to his incarceration as
22  evidence that he believed surgery was necessary.  Defendant and at least three other doctors
23  concluded surgery was not required.  "A difference of opinion between a physician and the
24  prisoner—or between medical professionals—concerning what medical care is appropriate does
25  not amount to deliberate indifference."  *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014)
26  (quoting *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012)).  Instead, Tillman "'must show
27  that the course of treatment the doctors chose was medically unacceptable under the
28  circumstances' and that the defendants 'chose this course in conscious disregard of an excessive

risk to plaintiff's health.'" *Id.* (quoting *Snow*, 681 F.3d at 988); *see Estelle*, 429 U.S. at 107 ("[W]hether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment.  A medical decision . . . does not represent cruel and unusual punishment.  At most it is medical malpractice.").  In this case, Tillman presents no evidence that Defendant deviated from accepted medical judgment in recommending against surgery or in his choices of prescribed painkillers.

Construing the evidence in the light most favorable to Tillman, the undersigned finds no evidence to raise a triable issue as to whether Defendant was deliberately indifferent to Tillman's back pain and condition.  The undersigned therefore concludes that Defendant is entitled to summary judgment as a matter of law.

Accordingly, it is **RECOMMENDED**:

1. Defendant's Motion for Summary Judgment (Doc. No. 28) is GRANTED.
2. Judgment be entered in favor of the Defendant; all deadlines be terminated; and, the case be closed.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   July 26, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

11